Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOHNNY MACEIRA LÓPEZ<br><br>Apelante<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY Y OTROS<br><br>Apelada | TA2026AP00002 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala de CAROLINA<br><br>Caso Núm.: CA2024CV01180<br><br>Sobre:<br>Pleito de clase al amparo de la Ley de Clase del Consumidor, Ley Núm. 118 de 25 de junio de 1971<br>Daños y Perjuicios<br>Interdicto Permanente<br>Incumplimiento de Contrato<br>Ley de Transacciones Comerciales<br>Sentencia Declaratoria |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza

### SENTENCIA

En San Juan, Puerto Rico, a 17 de febrero de 2026.

El 2 de enero del año en curso, el Sr. Johnny Maceira López (Sr. Maceira o apelante) acudió ante nos mediante recurso de *Apelación* mediante la que nos solicitó la revocación de la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) en la causa de epígrafe. Por virtud del aludido dictamen, el TPI acogió y declaró Ha Lugar la *Moción de Desestimación y en Oposición a Solicitud de Interdicto y Sentencia Declaratoria y de Certificación de Pleito de Clase* sometida en el caso por Massachusetts Mutual Insurance Company (Massachusetts Mutual). En consecuencia, ordenó la desestimación con perjuicio del pleito.

Estudiado el legajo apelativo, al amparo del derecho aplicable que más adelante consignaremos, **confirmamos** el dictamen apelado.

**I.**

El 12 de abril de 2024, el Sr. Maceira instó *Demanda Jurada de Clase, Sentencia Declaratoria, Interdicto Permanente, Daños y Perjuicios* contra Massachusetts Mutual, Carrington Mortgage Services, LLC (Carrington) y otros demandados de nombre desconocidos. En síntesis, alegó haber suscrito un acuerdo de modificación de hipoteca con Massachusetts Mutual y que, en virtud de dicho convenio, realizó los pagos mensuales acordados. Según el apelante, pese a remitir dichos pagos la parte demandada en múltiples ocasiones remitió cartas de cobro en las que le notificó tener deuda en atraso. En adición, el Sr. Maceira reclamó que, conforme surge del expediente judicial del pleito F CD2005-1893, consignó varias cantidades de dinero en el foro primario. Aseveró que los documentos que acompañó con la demanda acreditaban el mal manejo de los fondos por parte de Doral Financial Corporation. Por último, cuestionó la tenencia por parte de la acreedora del pagaré y aseveró que, al amparo de la Sección 2-306 de la Ley de Transacciones Comerciales, según enmendada, 19 LPRA sec. 606, tenía derecho de tomar posesión del instrumento.

En virtud de estas alegaciones, reclamó amparo bajo los mecanismos de sentencia declaratoria e interdicto permanente para obtener el cese de gestiones de cobro por deuda hipotecaria, alegadamente pagada; los recargos ilegales por mora hipotecaria y otros cargos. Asimismo, pidió indemnización por los daños y angustias que ha sufrido por las actuaciones ilegales de los demandados, los que estimó en una cantidad no menor de cinco millones de dólares ($5,000,000.00).

El 6 de agosto de 2024, Massachusetts Mutual solicitó la desestimación del pleito.[1] Al hacerlo, señaló que mediante sus distintos reclamos el apelante pretende obtener a su favor una sentencia declaratoria

---

[1] Véase, *Moción De Desestimación y en Oposición a Solicitud de Injunction Sentencia Declaratoria Y De Certificación De Pleito De Clase*, SUMAC TPI, Entrada Núm. 38.

e interdicto permanente sin siquiera demostrar tener derecho al remedio extraordinario. Específicamente, reclamó que al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R 10.2, procedía desestimar la demanda por falta de jurisdicción sobre la materia y porque las alegaciones de la demanda, aun tomadas como ciertas, dejaban de exponer una reclamación que justifique la concesión de un remedio a favor del Sr. Maceira.[2]

El 26 de septiembre de 2024, el Sr. Maceira sometió *Oposición a Mociones de Desestimación (Entradas SUMAC Números 38 y 40).* Tras varios trámites procesales que es inmeritorio detallar, finalmente el 23 de septiembre de 2025, el TPI dictó la sentencia apelada. Allí, expuso que, evaluados ambos escritos, en virtud de las Reglas 10.2 y 42.2 de Procedimiento Civil, así como lo resuelto por el Tribunal Supremo de Puerto Rico en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019) sin necesidad de consignar y especificar todas las determinaciones de hechos y conclusiones declaraba ha lugar la moción dispositiva y procedía a ordenar la desestimación con perjuicio del caso.

Inconforme con lo resuelto, el 30 de septiembre de 2025, el apelante solicitó reconsideración de la sentencia dictada. Habiéndosele concedido término a las demandadas para expresarse al respecto, el 8 de noviembre de 2025, así lo hizo Massachusetts Mutual. El 11 de diciembre de 2025, el TPI declaró No Ha Lugar la reconsideración. En desacuerdo aun, el apelante instó el recurso de epígrafe y señaló la comisión de los siguientes dos (2) errores:

> ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR SENTENCIA MEDIANTE LA CUAL DESESTIMÓ CON PERJUICIO LA DEMANDA QUE ORIGINÓ ESTE CASO, CUANDO DICHA DEMANDA SATISFACE LAS DISPOSICIONES ATINENTES DEL ORDENAMIENTO

---

[2] Mediante escrito sometido el 8 de agosto de 2024, Carrington acogió e hizo suyas las alegaciones levantadas por Massachusetts Mutual en búsqueda de la desestimación del pleito. Véase, *Moción Regla 8.3 de Procedimiento Civil sobre Desestimación y en Oposición a Solicitud de Injunction y de Certificación de Pleito de Clase.* SUMAC-TPI, Entrada Núm. 40.

JURÍDICO EN CUANTO A LA NATURALEZA DE LAS ALEGACIONES DE UNA DEMANDA.

ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DESESTIMAR CON PERJUICIO LA DEMANDA DE ESTE CASO, PORQUE NO ES DE APLICACIÓN A DICHO CASO LA DOCTRINA DE COSA JUZGADA NI DOCTRINAS ANÁLOGAS; NI CONSIDERAR QUE ES UN PLEITO DE CLASE.

Atendido el recurso, el 13 de enero de 2026, notificada el 16, dictamos *Resolución* ordenándole a la parte apelada a someter su posición. En cumplimiento con ello, el 29 de enero del año en curso, Massachusetts Mutual sometió *Alegato en Oposición a Recurso de Apelación*.

**II.**

*-A-*

Nuestro ordenamiento jurídico permite que un demandado solicite la desestimación de la reclamación judicial instada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hospital Español Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ____. Es por esta razón que puede solicitarse la desestimación total de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2. Esto puede hacerse inclusive, antes de contestar la demanda. *Íd.* Conforme la mencionada regla, podrá solicitarse la desestimación de un pleito cuando se alegue**:** (1) falta de jurisdicción sobre la materia**; (**2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. *Íd.*

En cuanto a la evaluación de un escrito de esta naturaleza, en innumerables ocasiones el Tribunal Supremo de Puerto Rico ha establecido que los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. Así pues, para que una moción de desestimación pueda

prosperar, tiene que demostrarse certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Banco Popular de Puerto Rico v. Cable Media of PR, Inc.,* 2025 TSPR 1, 215 DPR \_\_\_\_; *Inm. Baleares et al v. Benabe et al*, 214 DPR 1109, 1128 (2024).

*-B-*

La sentencia declaratoria es un mecanismo disponible que está disponible aun cuando existan otros remedios, y tiene la eficacia de una sentencia o resolución definitiva. *DACO v. LUMA Energy, LLC*, 2025 TSPR 126, 216 DPR \_\_\_\_, al citar a *Rosario Rodríguez v. Rosado Colomer et al.,* 208 DPR 419, 428 (2021). Este recurso extraordinario puede dictarse en todo proceso judicial donde los hechos alegados demuestren la existencia de una controversia sustancial entre las partes que tienen intereses legales adversos, "sin que medie lesión previa de los mismos con el propósito de disipar la incertidumbre jurídica y contribuir a la paz social".[3] Su propósito, es la disipación de toda divergencia de criterio en la interpretación de un estatuto y conforme la Regla 59.1 de Procedimiento Civil,[4] procede "aunque se inste o pueda instarse otro remedio". *Buxo Santiago v. ELA*, 2024 TSPR 130, 215 DPR \_\_\_\_.

Mientras tanto, el *injunction* es un mandamiento judicial escrito expedido bajo el sello de un tribunal mediante el que se le requiere a una parte para que se abstenga de hacer o de permitir que se haga por otras bajo su intervención determinada cosa que infrinja o perjudique el derecho de otra persona.[5] El mismo, podrá concederse en los siguientes casos.

> 1) Cuando resultare de la petición que el peticionario tiene derecho al remedio solicitado, y dicho remedio, o parte del mismo, consistiere en impedir la comisión o continuación del

---

[3] *Id.*, al citar a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 6001, pág. 623.

[4] 32 LPRA Ap. V R. 59.1

[5] Artículo 675 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA Sec. 3421.

acto denunciado, bien por un período de tiempo limitado, o perpetuamente.

2) Cuando de la petición o declaración jurada resultare que la comisión o continuación de algún acto, durante el litigio, habrá de causar pérdidas o daños de consideración o irreparables a alguna de las partes.

3) Cuando, durante el litigio, resultare que una de las partes está cometiendo, o amenaza cometer, o que se dispone a cometer, o a procurar o permitir que se cometa, algún acto de contrario a los derechos de otra de las partes, con respecto al asunto en litigio y tendente a hacer que sea ineficaz la sentencia.

4) Cuando una compensación pecuniaria no habría de proporcionar adecuado remedio.

5) Cuando fuere sumamente difícil precisar la cuantía de la compensación que habría de proporcionar remedio adecuado.

6) Cuando la restricción fuere necesaria para impedir una multiplicidad de procedimientos judiciales.

7) Cuando la obligación naciere de un fideicomiso.[6]

Por el contrario, no se otorgará un injunction ni una orden de entredicho:

1. Para suspender un procedimiento judicial que se estuviere tramitando al instituirse la acción en que se solicita el injunction, a menos que la restricción fuere necesaria para impedir una multiplicidad de tales procedimientos o para impedir que se prive al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas que estén bajo la jurisdicción del Estado Libre Asociado de Puerto Rico; Disponiéndose, que al dictar dicha orden el tribunal debe considerar el interés público envuelto, concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición y determinar que la orden es indispensable para evitar un daño irreparable a la parte peticionaria. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes.

2. Para suspender los procedimientos en una corte de los Estados Unidos.

3. Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.

---

[6] 32 LPRA sec. 3422.

Cualquier *injunction* preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas en este inciso (3) y que esté en vigor a la fecha de vigencia de esta ley o que en lo sucesivo se expidiere, será nulo e inefectivo. Disponiéndose, sin embargo, que el tribunal podrá dictar dicha orden de entredicho provisional, *injunction* preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil:

a) En aquellos casos en que ello sea indispensable para hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable a la parte peticionaria.

b) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico. Disponiéndose, además, que al dictar dicha orden el tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes.

4. Para impedir el quebrantamiento de un contrato cuyo cumplimiento no habría de exigirse específicamente.

5. Para impedir el ejercicio en forma legal de un cargo público o privado, por la persona que estuviera en posesión del mismo.

6. Para impedir que una corporación municipal ejecute un acto legislativo.

7. Para impedir la imposición o cobro de cualquier contribución establecida por las leyes de los Estados Unidos o de Puerto Rico.

El recurso extraordinario del *injunction* va dirigido a prohibir u ordenar la ejecución de algún acto determinado, evitando así causar perjuicios inminentes o daños irreparables. Por su naturaleza extraordinaria, los tribunales solo pueden expedirlo cuando no exista otro remedio jurídico adecuado en ley. Al decidir si se expide una orden de entredicho provisional o *injunction* preliminar en virtud de la Regla 57 de Procedimiento Civil, *supra*, el tribunal deberá considerar, entre otros, los factores siguientes:

    a. La naturaleza del daño a que está expuesto la parte peticionaria;

    b. la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;

    c. la probabilidad de que la parte promovente prevalezca;

    d. la probabilidad de que la causa se torne en académica;

    e. el impacto sobre el interés público del remedio que se solicita, y

    f. la diligencia y la buena fe con que ha obrado la parte peticionaria.[7]

### III.

El apelante señala la comisión de dos (2) errores. Mediante la discusión conjunta de ambos afirma que el foro primario incidió al acoger las solicitudes de desestimación sometidas por las demandadas. A tales efectos, alega que su reclamación cumplió con las exigencias mínimas relativas a la naturaleza y alcance de las alegaciones, pues según costa en la Regla 5.1 de Procedimiento Civil,[8] dentro de las alegaciones permitidas está la demanda. Añade a esto, que en nuestro ordenamiento jurídico las alegaciones sólo necesitan una relación sucinta y sencilla de los hechos demostrativa de que la parte peticionaria tiene derecho a un remedio.

Así pues, amparándose en ello, asevera que las alegaciones de su demanda satisfacen las exigencias de nuestro ordenamiento jurídico. Asimismo, niega la aplicación de la doctrina de cosa juzgada a los hechos del caso, pues las controversias que plantea en su Demanda no han sido resueltas en sus méritos mediante sentencia final y firme, así como la de la doctrina de la ley del caso. Finalmente, señala que la desestimación decretada sin celebrarse una vista, ni permitir descubrimiento de prueba es contraria a la protección procesal reconocida por el Tribunal Supremo de Puerto Rico a los pleitos de clases como el instado por él.

La sentencia apelada fue dictada en consideración de una moción dispositiva sometida al amparo de la Regla 10.2 (5) de Procedimiento Civil, supra. Por lo tanto, en su revisión debemos tomar como ciertos todos los

---

[7] *Díaz Vázquez v. Colón Peña*, 214 DPR 1135 (2024), escolio 10 y casos allí mencionados. Véase también, Regla 57.3 de Procedimiento Civil.

[8] 32 LPRA Ap. V R. 5.1.

hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Banco Popular de Puerto Rico v. Cable Media of PR, Inc., supra.*

En síntesis, el reclamo del apelante es que, en su día, suscribió un acuerdo con Massachusetts Mutual, cuyo servidor hipotecario es Carrington Mortgage Services, LLC para poner fin al caso F CD2005-1893 sobre cobro de dinero y ejecución de hipoteca. Entonces, y a pesar de satisfacer oportunamente el pago mensual de la hipoteca, fue objeto de gestiones de cobro por parte de las apeladas. Específicamente, en la *Demanda* señala que las apeladas en incumplimiento con cierto acuerdo de mitigación, y pese a que pagó con prontitud y de forma exacta el préstamo hipotecario, le enviaron varias cartas de cobro, e inclusive, desde ese momento han rehusado aceptarle más pagos.

Más allá de esto, en su reclamación meramente hizo alusión a varias instancias dentro del caso F CD2005-1893. Específicamente, mencionó que del expediente judicial de dicho caso surge que ya había pagado $70,000.00 de la deuda original de su préstamo, más dicha cantidad no se ha descontado del préstamo. También, hizo referencia a un dinero que consignó en dicho pleito sobre el cual alegó un mal manejo que queda demostrado por el propio legajo judicial. Finalmente, adujo que, conforme surgía de dicho expediente judicial, era un hecho indubitado que: "el pagaré de este caso pasó de Doral Financial Corporation a Rushmore Loan Management Services, LLC y desde el 2023 a Massachusetts Life Insurance Company sin que se haya acreditado la tenencia con buena fe de dicho instrumento negociable por ninguna de estas entidades."

Basándose en estas alegaciones, en su *Demanda* reclamó ante el TPI tener derecho a ampararse en los mecanismos de la sentencia declaratoria y el interdicto permanente para que se le ordene a la parte apelada cesar de cobrarle unas deudas indebidas, ilegales. Asimismo, aseveró tener derecho

al resarcimiento de los daños y perjuicios sufridos "por la constante ansiedad, desesperación, las angustias mentales que le han producido el recibir notificaciones constantes de la parte demandada amenazándolo con despojarlo de su casa mediante un proceso de ejecución de hipoteca ilegal, vicioso de mala fe […]"

Hemos aplicado el criterio impuesto por nuestro ordenamiento jurídico y evaluado las alegaciones del apelante lo más favorable a su favor. Aun así, tras hacerlo, nos resulta evidente que el TPI actuó conforme a derecho al desestimar la demanda de epígrafe. Primeramente, ninguna de las disposiciones legales que el apelante cita en su reclamación prohíbe gestiones de cobro en aquellos casos en los que, habiéndose celebrado la mediación compulsoria y alcanzado un acuerdo de mitigación, el deudor incurre en algún atraso.

Por el contrario, la Ley 184-2012, reconoce el derecho del deudor a un procedimiento de mediación en la acción civil que se presente para la ejecución de la hipoteca. También, establece cómo se llevará la mediación, qué información el acreedor deberá proveerle al deudor, cómo serán pagados los gastos a incurrirse durante el proceso y la información que deberá incluirse en las estadísticas que la Oficina de Administración de los Tribunales emita. Mientras tanto, la Ley 169-2016 impide que, una vez el deudor hipotecario someta un formulario de solicitud de mitigación de pérdidas su acreedor, este último comience un proceso legal de cobro. Asimismo, de ya haberlo comenzado, le ordena paralizar el mismo mientras la cualificación para la mitigación culmina.[9]

En segundo lugar, cualquier alusión del apelante a dinero consignado dentro del pleito F CD2005-1893 o a cantidades no acreditadas al momento del reclamo son asuntos a los que sí le aplica la doctrina de cosa juzgada. Ello así, pues las alegaciones incluidas en la demanda jurada en

---

[9] Véase, 32 LPRA secs. 2893-2894.

cuanto a ese particular son señalamientos levantados en su día por el apelante dentro del aludido caso que fueron adjudicados mediante dictámenes que hoy son final y firme. Hemos tomado conocimiento de la *Sentencia* emitida por este Tribunal de Apelaciones en el caso KLCE202300471, así como aquella en los casos consolidados KLCE201300718 y KLCE201301039. Al así hacer, reconocemos que de estas surge que en su debido momento el apelante aceptó que la deuda era determinada cantidad **e inclusive, que Massachusetts Mutual era la tenedora del pagaré**.

Efectuado este análisis, no identificamos que la reclamación del apelante justifique la concesión de un remedio. Por tanto, nos resulta forzoso concluir que los errores señalados por el apelante no se cometieron.

**-IV-**

Por los fundamentos que anteceden, confirmamos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina (en la causa de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones